### R. L. WHITE CO. v. STATE et al.
### No. 10353.

Court of Civil Appeals of Texas. San Antonio.

Dec. 14, 1938.

Rehearing Denied Jan. 25, 1939.

Dodson & Ezell and L. D. Hill, all of San Antonio, for appellant.

John R. Shook, L. J. Gittinger, and John A. James, all of San Antonio, for appellee.

SMITH, Chief Justice.

This proceeding was brought at the instance of the State Highway Department to condemn, for highway purposes, strips of 11.3 feet of land off the east side of city blocks owned by appellant, R. L. White, and situated on existing State Highway 66, lying just north of the City limits of the City of San Antonio.

The expropriated strips were taken from the east edge of the full length of Blocks 20 and 21, and a part of Block 28, Hollycrest Addition to the City of San Antonio.

The jury found, separately, the values, per square foot, of the land taken from each block. They arrived, separately, at the damage to the land remaining in each block, by finding the respective values thereof per square foot before and after the taking of the condemned strips. They found that the values of the strips taken were less per square foot than the values, per square foot, of the land remaining at the time of the taking. White has appealed from the award made upon those findings, upon the contention that they were arbitrary, conflicting and without support in the evidence.

The expropriated land adjoined an existing federal-state highway, which was also San Pedro Avenue, and was necessary to the location and construction of an underpass in the highway at its intersection with the Missouri Pacific Railroad at that point. The highway lay along the east front of appellant's property. The width of the projected underpass in the street was forty feet, and when completed it would cut off all of appellant's Block 21 and a part of Block 28, from the street, leaving Block 20, however, in the clear. According to the pleadings of both parties, confirmed, at least inferentially, by the evidence, a strip of approximately ten feet of the 11.3 feet here expropriated was already burdened with some sort of restric-

tion upon its use, which served, as a practical matter, to reduce the depth of appellant's blocks from 100 feet to 90 feet.

 The jury had all these facts and circumstances before them in their deliberations, and upon those considerations arrived at their findings, of which appellant complains upon the grounds stated above. Appellant's complaint is not that the award, or any particular element of it, was inadequate. His complaint is, rather, of the processes, or of the claimed lack of any orderly or rational processes, by which the jury traversed the sinuous course to their ultimate conclusion. We do not feel at liberty, even if given the perspicacity, to undertake to follow or analyze those processes. We think the evidence was of such nature, quantity and quality as to support the jury findings, and since the trial judge did not disturb them, we cannot.

The judgment is affirmed.